UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENNY SHABTAI and BNDD SHABTAI INVESTMENTS LLC <br> Plaintiffs <br><br> VS. <br><br> SHABTAI, INC. (f/k/a Eliezer, Inc.) and SAMUEL HECT, <br><br> Defendants | ) <br> ) <br> ) CIVIL ACTION <br> ) NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JULY 25, 2019 |

## COMPLAINT

The Plaintiffs, BENNY SHABTAI and BNDD SHABTAI INVESTMENTS LLC (collectively, the "Plaintiffs"), by their attorneys, Halloran & Sage, LLP, as and for their Complaint against the Defendants, SHABTAI, INC. and SAMUEL HECT a/k/a SHMULLY HECHT (collectively, the "Defendants"), respectfully set forth, represent and allege as follows:

### THE PARTIES

1.  The plaintiff, Benny Shabtai, is an Israeli citizen, individual residing in Miami Beach, Florida.

2.  The plaintiff, BNDD SHABTAI INVESTMENTS LLC, is a Florida limited liability company with a principal place of business in Miami Beach, Florida.

3.  Upon information and belief, defendant SHABTAI, INC., formerly known as Eliezer, Inc., is a Connecticut non-stock corporation with offices located in New Haven, Connecticut 06511 and is a Jewish leadership society located at Yale University in Connecticut (the "Corporate Defendant"). The Corporate Defendant is arguably a tax-exempt charitable

1

organization pursuant to Section 501(c)(3) of the U.S. Internal Revenue Code of 1986, as amended (the "Code").

4. Upon information and belief, defendant Samuel Hect a/k/a Shmully Hecht (the "Individual Defendant"), is an individual residing in New Haven, Connecticut and is the director and de-facto chief executive officer of the Corporate Defendant.

## JURISDICTION AND VENUE

5. This is an action seeking declaratory relief which is brought pursuant to 28 U.S.C. §§ 1332, 2201, and 2201. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00, based upon the nature of the damages allegedly sustained by the Plaintiffs.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial part of the alleged events or omissions giving rise to this action occurred in the District of Connecticut.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about August 1, 2014, the Plaintiffs agreed to make certain restricted and conditional donations and commitments to the Corporate Defendant, in reliance on the Defendants representations and promises to take certain actions and make certain investments consistent with the Plaintiffs' express intent (the "Agreement"). The Agreement is memorialized in detail in an August 7, 2014 email by and between the Individual Defendant and, *inter alia*, Plaintiffs, attached hereto and made a part hereof as Exhibit A.

8. As set forth further below, the Plaintiffs expressly conditioned their donations to the Defendants so long as Defendants agreed to honor the terms and conditions of the Agreement. In addition, the Defendants represented to the Plaintiff that the Orange Street Property, the purchase of which the Plaintiff funded, will be the new vibrant home of the Jewish Society at Yale (then known as Eliezer, Inc.) and that substantial additional funds would be

raised for the Corporate Defendant in order to completely renovate and modernize the building and to enable the operations of such society at such location at a high standard.

9. In addition, the Plaintiffs relied on the Defendants' representations that Benny Shabtai would be made a trustee of the Corporate Defendant. This, as well as the other representations made, were the basis for the Plaintiffs' agreement to make their donations and commitments.

10. Beginning in August 2014, the Plaintiffs, pursuant to the Agreement, tendered and the Defendants accepted restricted and conditional donations, totaling over $1.7 Million (the "Donations"). The Defendants knew, and acknowledged in writing, that the Plaintiffs' Donations were specifically intended to, and were made expressly to be used for, *inter alia*:

    a. the Corporate Defendant's purchase and renovations of certain real property located at 442 Orange Street, New Haven Connecticut (the "Orange Street Property"), to become the new home of the Jewish Society at Yale University, operated then under the name Eliezer Inc. (the "Jewish Society");

    b. the Orange Street Property to be named "Beit Shabtai";

    c. the Corporate Defendant to change its name from "Eliezer Inc." to its current name, "Shabtai, Inc.";

    d. the website called Shabtai.tv and or Shabtai.org and/or Shabtai.com to be the new website for the society;

    e. Plaintiffs to jointly allocate an additional $1.5 Million to distribute a minimum of $72,000.00 per year to help sustain a portion of the $750,000.00 budget for the Corporate Defendant. This gift would continue for a minimum of 20 years;

3

  f. the Plaintiff Benny Shabtai to be voted in as a fourth trustee of the Corporate Defendant;

  g. the Rabbi of the Corporate Defendant to always be of Chabad influence;

  h. Should Shabtai Inc. be caused to dissolve and/or liquidate its assets, the funds to be re-allocated to another non-profit determined by the trustees, to the extent possible under State and Federal law;

  i. the Defendants to raise $1,500,000.00 earmarked for the renovate and furnish its new home at the Orange Street Property; and

  j. the Defendants to raise an additional $15 Million to endow Shabtai, Inc.

11. Plaintiffs have paid to Defendants $1,714,750.00 on account of the restricted and conditional endowment donations pursuant to the Agreement. A schedule of Plaintiffs' Donations to the Corporate Defendant is annexed hereto as Exhibit B.

12. Notwithstanding the Plaintiffs' performance under the Agreement, the Defendants have failed to perform their obligations under the Agreement and breached their representations and fiduciary duties to the Plaintiffs.

13. Upon information and belief, and despite the passage of nearly five (5) years, the Orange Street Property has not been renovated.

14. Upon information and belief, and despite the passage of nearly five (5) years, Plaintiffs' Donations have been used for purposes outside the Agreement.

15. Upon information and belief, and despite the passage of nearly five (5) years, Benny Shabtai has not been made a trustee of the Corporate Defendant.

16. Despite the Defendants' obligations, and the Plaintiffs' demands, the Defendants have refused to account to the Plaintiffs.

17. Plaintiffs have sought information from the Defendants about the use of the Donations in connection with these restricted and conditional donations and commitments. Defendants, however, have failed and refused to provide such information to the Plaintiffs and have given the Plaintiffs only incomplete and unsatisfactory answers to the Plaintiffs' legitimate questions and have refused to comply with the restrictions or conditions of the various donations and commitments pursuant to the Agreement.

18. Defendants owe Plaintiffs a fiduciary duty in connection with that restricted and conditional endowment gifts made pursuant to the Agreement and based on Defendants' representations.

19. On December 3, 2018, Plaintiffs, through their former counsel, Steptoe & Johnson LLP ("Steptoe"), sent a letter (the "December 3rd Letter") to Defendants offering a grace period through to the end of March, 2019 for Defendants to honor their part of the Agreement. A copy of the December 3rd Letter is attached hereto and made a part hereof as Exhibit C.

20. On March 13, 2019, having received no response to the December 3rd Letter, Plaintiffs, through Steptoe, sent a final notice to Defendants demanding a response (see Exhibit D attached hereto and made a part hereof).

21. Through a continuing pattern and practice of withholding material information, making unilateral decisions and violating the terms and conditions of the restricted and conditional donations and commitments pursuant to the Agreement, the Defendants have breached the terms and conditions of the donations and commitments of the Plaintiffs, as well as their fiduciary duties.

22.     As of the commencement of this action, Defendants have continued to fail to honor their terms of the Agreement.

23.     Through their malfeasance and nonfeasance, as set forth herein, the Defendants have interfered with the mission, goals and objectives of the Jewish Society, causing its purpose to be unfulfilled.

COUNT ONE (Declaratory Judgment)

1. – 23.     Paragraphs 1 through 23 above are hereby realleged and incorporated herein by reference as paragraphs 1 through 23 of Count One.

24.     The endowment gift of Plaintiffs to Defendants, pursuant to the Agreement, was a restricted and conditional endowment gift which was subject to certain terms and conditions of the Plaintiffs and Defendants breached those terms and conditions.

25.     The endowment gifts and Donations of Plaintiffs to Defendants were restricted and conditional gift commitments and the conditions thereof were set forth in the Agreement between the parties.

26.     The Defendants did not comply with the terms and conditions of the Agreement and are in breach thereof.

27.     Plaintiffs have a legal and/or equitable interest at stake in this controversy because of the Defendants failure to recognize their rights and obligations under the Agreement, and an interest sufficient to confer standing to maintain this action concerning the restricted and conditional gifts and the Donations given to Defendants.

28.     There is an actual bona fide and substantial question and dispute between the Plaintiffs and the Defendants as to the rights and obligations of the parties under the Agreement and with regard to the restricted and conditional gifts and the Donations.

29. By reason of the foregoing, a justiciable controversy exists between the Plaintiffs and the Defendants.

30. All interested parties have been joined as parties to this declaratory judgment action.

31. Plaintiffs respectfully request that the Court enter judgment against the Defendants declaring and adjudicating the respective rights and obligations of Plaintiffs and Defendants as set forth hereinabove with respect to the restricted and conditional gifts and the Donations given by Plaintiffs to the Defendants.

COUNT TWO (Accounting)

1. – 23. Paragraphs 1 through 23 of Count One are hereby realleged and incorporated herein by reference as paragraphs 1 through 23 of Count Two.

24. Plaintiffs made certain restricted and conditional gifts and commitments to the Defendants, which included, among other things $1,714,750.00 pursuant to the Agreement.

25. Through their failure to make Benny Shabtai a trustee, the Defendants have denied the Plaintiffs immediate access to their actions, expenditures and accountings.

26. Defendants owe a fiduciary duty to the Plaintiffs to carry out and comply with the stated and implied terms, conditions and restrictions of the restricted and conditional gifts and the Donations as set forth in the Agreement.

27. Despite due demands, Defendants have failed to deliver all material and relevant financial information concerning the restricted and conditional gifts and the Donations, including, but not limited to, specific and complete information regarding distributions and other expenditures of the Defendants relating to the aforesaid matters.

28. Upon information and belief, the restricted and conditional gifts and the Donations have been and are being misapplied in violation of the terms, conditions and restrictions of the said gifts, endowment gifts and gift commitment.

29. Plaintiffs are entitled to and seek an order of this Court to require Defendants to provide a forensic accounting of their donations received, income and expenditures since (and including) August 2014 in order to determine whether Defendants have complied with the terms of the Agreement.

COUNT THREE (Specific Performance)

1. – 31. Paragraphs 1 through 31 of Count One are hereby realleged and incorporated herein by reference as paragraphs 1 through 31 of Count Three.

32. The terms, conditions and restrictions of the restricted and conditional gifts and the Donations are binding upon the Defendants and enforceable by Plaintiffs.

33. Having declared and adjudicated the respective rights and obligations of the Plaintiffs and Defendants with respect to the restricted and conditional gifts and the Donations given by Plaintiffs to Defendants, the Court should order the specific performance by the Defendants of their obligations with respect to the aforesaid gifts.

34. Defendants have not honored their part of the Agreement and the restricted and conditional gifts and the Donations have been improperly used for purposes outside the agreed to terms and conditions of same, and they have neglected to name Benny Shabtai as a trustee.

35. The Court should direct the Defendants to restore any and all improperly diverted sums, together with interest, to the Corporate Defendant, to raise the additional funds to the Corporate Defendant, complete the restoration of the new building and fully relocate the Jewish Society to the new building at the Orange Street Property.

36. The Court should order the specific performance by the Defendants of their obligations with respect to the Agreement.

37. In the event that the Defendants decline or refuse to perform their obligations, as declared by the Court, with respect to the restricted and conditional gifts and the Donation, the Court should direct that the $1,714,750.00 restricted and conditional endowment gift be returned by Defendants to Plaintiffs, or, in the alternative that it be paid into Court subject to further application of the parties.

38. The Plaintiffs have no adequate remedy at law.

COUNT FOUR  (Violation of the Duty of Obedience to the Charitable Mission and the Intent and Wishes of the Donors - Conn. Gen. Stats. § 45a-535)

1. – 29. Paragraphs 1 through 29 of Count Two are hereby realleged and incorporated herein by reference as paragraphs 1 through 29 of Count Five.

30. Directors and officers of a charitable not-for-profit corporation like the Corporate Defendant, including the Individual Defendant, have a duty of obedience to ensure that the mission of the charitable organization is carried out, as codified in part by Conn. Gen. Stats. § 45a-535.

31. The Defendants have violated, are continuing to violate, and threaten to continue to violate that duty with their actions relating to the Jewish Society.

32. The Defendants also have a duty to be faithful to the wishes of the creators and donors of the Jewish Society.

33. The Defendants have violated, are continuing to violate, and threaten to continue to violate that duty with their actions relating to the relationship of the Plaintiffs with the Jewish Society.

34. The actions that the Defendants have taken or may take with respect to the relationship of Plaintiffs with the Jewish Society are illegal and in violation of the duties described above.

35. The illegal actions that Defendants have taken, and may take, with respect to the relationship of Plaintiffs with the Jewish Society violated, continues to violate and threatens to continue to violate Plaintiffs' rights, and have caused, and threaten to continue to cause, Plaintiff irreparable harm and damage.

**WHEREFORE**, Plaintiff respectfully demands judgment as requested herein, on each of its causes of action, for the costs incurred of the suit herein and for such other and further relief as this Court deems just and proper.

THE PLAINTIFFS,

BY: /s/ CT30521
William W. Bohonnon
Fed Bar #: CT30521
Gerald T. Giaimo
Fed Bar #: CT14885
Halloran & Sage LLP
265 Church Street- Suite 802
New Haven, CT 06510
Tel: 203-672-5489
Fax: 203-672-5480
Email: giaimo@halloransage.com ;
bohonnon@halloransage.com
Their Attorneys

# EXHIBIT A

**From:** Shmully Hecht [mailto:shmully@279crown.org]
**Sent:** Thursday, August 07, 2014 11:50 AM
**To:** 'Benny Shabtai'; OBK; 'Oliver Ben Karp'; Rochester, Shaya; Kara Rochelle
**Subject:** 18 Years
**Importance:** High

Benny

I am ccing Ben Karp and Shaya Rochester, the other 2 other trustees of Eliezer Inc The CT 501 C3 corporation that functions as the Jewish Society at Yale and owns Beit Shabtai at 279 Crown Street and the Real Estate at 271, 277, and 281 Crown Street.

This email will serve as a memo for some decisions we have made. The relevant legal issues will be documented by Shaya and approved by our non profit lawyer to make sure we comply with CT and Federal Laws regarding non profits. They will be signed by the 4 trustees when we all agree on final language and details.

1. We are going to contract today for the purchase of 442 Orange Street which will become the new home of our Society. Kara will send wiring info for the 100k deposit that is not refundable. Benny once again is being extremely generous
2. An additional 1.4 million dollars will be wired by Benny when the seller can deliver the building empty. This will take 3-6 weeks
3. The building will be called Beit Shabtai and no other name will be allowed on the interior or exterior of the building. This will be forever. Rooms can be named by donors in Beit Shabtai.
4. The name of the Society will be legally changed from Eliezer to Shabtai. A subtitle " the Jewish Society at Yale" or " the Jewish leadership society " or " the global Jewish leadership society " may be used but only under the " Shabtai" head title.
5. Eliezer, like Chai Society will be dropped from any future literature, press and legal docs. This may take some time but will ultimately be a seamless process.
6. All literature going forward both in print and email will reflect the new name of the society- " Shabtai "
7. A website called Shabtai.tv and or Shabtai.org and or Shabtai.com will be the new website for the society. We will begin to have a public website of some sort to be determined by our members and trustees.
8. In addition to the purchase of Beit Shabtai, Benny is allocating an additional 1.5 million dollars of his private charity to distribute a minimum of 72k a year to help sustain a portion of the 750k budget for the society. This gift is for a minimum of 20 years.
9. Benny will be voted in as a fourth trustee to the corporation " Shabtai "

2

10. The Rabbi of Shabtai will always be of Chabad influence
11. Should the Society ever need to close and or liquidate its assets, the funds will be allocated to another non-profit determined by the trustees, to the extent possible under Ct and Federal Law
12. The organization will begin to raise 1.5 million dollars to renovate and furnish its new home at 442 Orange and will begin to raise 15 million dollars to endow the society.
13. The key-holding members and major donors to the existing Eliezer at Beit Shabtai will be informed of these above mentioned decisions made by the trustees. A symbolic vote will be held on a conference call or email by the broader membership to sustain a sense of inclusivity.

Gentlemen please advise if I missed anything, suggestions, errors, etc

Shmully

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2013.0.3485 / Virus Database: 3955/7997 -
Release Date: 08/07/14

# EXHIBIT B

1:12 PM
11/09/18
Accrual Basis

# Benjamin Shabtai
## Transaction Detail By Account
### All Transactions

| Type | Date | Num | Name | Memo | Clr | Split | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **Donations** | | | | | | | | |
| Credit | 04/13/2014 | | Beit Shabtai | passover seder | | JP Morgan | 10,000.00 | 10,000.00 |
| Check | 05/01/2014 | WIRE | Beit Shabtai | #20140501000012143 | | Suntrust #6451 | 3,000.00 | 13,000.00 |
| Check | 05/30/2014 | WIRE | Beit Shabtai | | | Suntrust #6444 | 3,000.00 | 16,000.00 |
| Check | 06/30/2014 | wire | Beit Shabtai | | | Suntrust #6444 | 3,000.00 | 19,000.00 |
| Check | 07/30/2014 | WIRE | Beit Shabtai | | | Suntrust #6444 | 3,000.00 | 22,000.00 |
| Check | 08/11/2014 | WIRE | Beit Shabtai | | | Suntrust #6444 | 100,000.00 | 122,000.00 |
| Check | 08/29/2014 | WIR | Beit Shabtai | monthly | | Suntrust #6444 | 3,000.00 | 125,000.00 |
| Check | 09/30/2014 | DD | Beit Shabtai | monthly | | Suntrust #6444 | 3,000.00 | 128,000.00 |
| Check | 09/30/2014 | WIRE | Beit Shabtai | catch up payment for S6K | | Suntrust #6451 | 3,000.00 | 131,000.00 |
| Check | 10/30/2014 | DD | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 137,000.00 |
| Gener | 10/31/2014 | DDS-4 | Beit Shabtai | | | M04702003 | 1,400,000.00 | 1,537,000.00 |
| Check | 12/01/2014 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,543,000.00 |
| Check | 12/30/2014 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,549,000.00 |
| Check | 01/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,555,000.00 |
| Check | 03/02/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,561,000.00 |
| Check | 03/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,567,000.00 |
| Check | 04/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,573,000.00 |
| Gener | 04/30/2015 | | Beit Shabtai | Funds Transfer | | Suntrust #6444 | -6,000.00 | 1,567,000.00 |
| Check | 05/04/2015 | WIRE | Beit Shabtai | UPDATED BANKING INFO #2 | | Suntrust #6461 | 6,000.00 | 1,573,000.00 |
| Check | 06/01/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,579,000.00 |
| Check | 06/30/2015 | DD | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,585,000.00 |
| Check | 07/30/2015 | DD | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,591,000.00 |
| Check | 08/31/2015 | DD | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,597,000.00 |
| Check | 09/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,603,000.00 |
| Check | 10/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,609,000.00 |
| Check | 11/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,615,000.00 |
| Check | 12/30/2015 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,621,000.00 |
| Check | 02/01/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,627,000.00 |
| Check | 02/29/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,633,000.00 |
| Check | 03/30/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,639,000.00 |
| Check | 05/02/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,645,000.00 |
| Check | 05/31/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,651,000.00 |
| Check | 06/30/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,657,000.00 |
| Check | 08/01/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,663,000.00 |
| Check | 08/31/2016 | WIRE | Beit Shabtai | monthly | | Suntrust #6444 | 6,000.00 | 1,669,000.00 |
| Check | 09/30/2016 | WIRE | Beit Shabtai | | | Suntrust #6444 | 6,000.00 | 1,675,000.00 |
| Check | 10/31/2016 | WIRE | Beit Shabtai | | | Suntrust #6444 | 6,000.00 | 1,681,000.00 |
| Check | 11/30/2016 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,682,800.00 |
| Check | 12/30/2016 | DD | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,684,600.00 |
| Check | 01/30/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,686,400.00 |
| Check | 02/28/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,688,200.00 |
| Check | 03/30/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,690,000.00 |
| Check | 05/01/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,691,800.00 |
| Check | 05/30/2017 | DD | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,693,600.00 |
| Check | 06/30/2017 | DD | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,695,400.00 |
| Check | 07/31/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,697,200.00 |
| Check | 08/30/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,699,000.00 |
| Check | 10/02/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,700,800.00 |
| Check | 10/30/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,702,600.00 |
| Check | 11/30/2017 | WIRE | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,704,400.00 |
| Check | 01/02/2018 | DD | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,706,200.00 |
| Check | 01/30/2018 | DD | Beit Shabtai | | | Suntrust #6444 | 1,800.00 | 1,708,000.00 |
| Check | 02/28/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,708,750.00 |
| Check | 03/28/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,709,500.00 |
| Check | 04/30/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,710,250.00 |
| Check | 05/29/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,711,000.00 |
| Check | 06/28/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,711,750.00 |
| Check | 07/30/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,712,500.00 |
| Check | 08/28/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,713,250.00 |
| Check | 10/01/2018 | WIRE | Beit Shabtai | | | Suntrust #6444 | 750.00 | 1,714,000.00 |
| Check | 10/29/2018 | WIRE | Beit Shabtai | donation | | Suntrust #6444 | 750.00 | 1,714,750.00 |
| **Total Donations** | | | | | | | 1,714,750.00 | 1,714,750.00 |
| **TOTAL** | | | | | | | 1,714,750.00 | 1,714,750.00 |

# EXHIBIT C

Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

December 3, 2018

**By Email**

Schmully Hecht
Shabtai, Inc.
279 Crown St.
New Haven, Connecticut 06511
schmully@279crown.org

Re:   Shabtai, Inc. (f/k/a Eliezer, Inc.)

Dear Mr. Hecht:

Our firm has been retained by Benny Shabtai in connection with his donations to Shabtai, Inc. We write to urge you and Shabtai, Inc. to live up to commitments that were made long ago to Mr. Shabtai but that have not been honored.

As you know, in 2014, Mr. Shabtai agreed to make substantial donations to Shabtai, Inc. to fund the purchase of 442 Orange Street in New Haven, which was to be the new home of the Jewish leadership society at Yale, re-branded from Eliezer to Shabtai.

In return, you and Shabtai, Inc. agreed to (among many other things) raise money to furnish the new building and relocate the society there. Mr. Shabtai had held up his end of the bargain, by donating over $1.7 million. To his great disappointment, however, you and Shabtai, Inc. have not held up your end. As we understand it, the society is still operated from the old location, and the Orange Street building is nowhere near where it should be. Mr. Shabtai's funds have apparently been used for purposes outside the original vision and agreement, and several other terms of the deal have not been honored.

Mr. Shabtai would like to offer a period of time for a course correction, while making clear that the current state of affairs is intolerable and cannot continue. To that end, we urge you to begin immediately raising the necessary funds and renovating the Orange Street location, as originally envisioned in 2014. We expect to see substantial progress towards that goal by the end of March 2019. Otherwise, Mr. Shabtai will have no choice to pursue all legal rights

Schmully Hecht
December 3, 2018
Page 2



regarding these matters, and will involve as necessary the Public Charities Unit of the Connecticut Attorney General's office.

    Please let us know immediately if you are willing to honor this commitment, and, if so, please keep us timely informed of your plans and progress. If you would like to discuss these matters further, we are happy to speak with you or your counsel.

Sincerely,

Charles Michael

# EXHIBIT D

Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

March 13, 2019

**By Email**

Schmully Hecht
Shabtai, Inc.
279 Crown St.
New Haven, Connecticut 06511
schmully@279crown.org

**Re:**   **Shabtai, Inc. (f/k/a Eliezer, Inc.)**

Dear Mr. Hecht:

As you will recall, our firm has been retained by Benny Shabtai in connection with his donations to Shabtai, Inc., and I wrote a letter to you in December about your mismanagement of Shabtai, Inc., and the need for a course correction.

The December letter relayed Mr. Shabtai's generous offer to give you until the end of March to show substantial progress, or else we would have to pursue our legal rights. Unfortunately, we understand that little to nothing has been done since then.

Please respond to this letter in writing by March 29, stating what if anything you have done to rectify the situation, and what you plan to do and when. If we continue to hear nothing, we will assume you will continue to do nothing — and will respond accordingly.

For the avoidance of doubt, we reserve all rights.

Sincerely,

Charles Michael